Filed 7/17/25  P. v. Young CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100586 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE009629) |
| v. | |
| EDDIE YOUNG, | |
| Defendant and Appellant. | |

Defendant Eddie Young appeals from the trial court's judgment resentencing him following a remand from this court.  He contends that the trial court failed to properly exercise its discretion under Penal Code section 1385 when it declined to dismiss a firearm enhancement attached to one of his convictions.[1]  Seeing no basis in the record for concluding that the court acted outside of its discretion, we will affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

I.

In June 2020, R.C. was walking down an alleyway when he was approached by Young and two others in a car. Young exited the car and patted R.C. down. Young then turned around as if to walk away, but then stopped and shot R.C. in the chest, paralyzing him. (*People v. Young* (Oct. 11, 2023, C096971) [nonpub. opn.].)

In June 2022, a jury found Young guilty of attempted murder (§§ 664, 187, subd. (a)), attempted robbery (§§ 664, 211), assault with a semiautomatic firearm (§ 245, subd. (b)), and unlawful possession of a firearm (§ 29820). The jury further found that the attempted murder was committed willfully, deliberately, and with premeditation (§ 664, subd. (a)). As to the attempted murder and attempted robbery counts, the jury found true that Young personally and intentionally discharged a firearm causing great bodily injury under section 12022.53, subdivision (d). The jury likewise found true lesser firearm enhancements (§§ 12022.5, subd. (a), 12022.53, subds. (b) & (c)); as to the assault conviction, it also found true that Young personally used a firearm (§ 12022.5, subd. (a)) and inflicted great bodily injury causing paralysis (§ 12022.7, subd. (b)).

In a bifurcated proceeding, the trial court found six aggravating circumstances to be true: (1) the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1)) (subsequent rule citations are to the California Rules of Court); (2) Young engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)); (3) Young's sustained petitions in juvenile delinquency proceedings were numerous or of increasing seriousness (rule 4.421(b)(2)); (4) Young was on probation when the offense was committed (rule 4.421(b)(4)); (5) Young was armed with or used a weapon at the time of the commission of the crime (rule 4.421(a)(2)); and (6) Young's prior performance on probation was unsatisfactory (rule 4.421(b)(5)).

Prior to sentencing, Young argued that one of the section 12022.53, subdivision (d) enhancements for personally and intentionally discharging a firearm causing great bodily injury should be dismissed pursuant to section 1385, subdivision (c)(2)(B), which applies when multiple enhancements are alleged in a single case.  At the sentencing hearing, the trial court agreed, stating that " 'in order to not dismiss it, as the statute indicates that I must, I would need to find that it's necessary in order to avoid physical injury or serious danger to others, and I don't think I could make that finding because Mr. Young is getting a life sentence—an indeterminate life sentence, and it's not clear that he would be released from that sentence at any point, and if he ever is released, it would only be after a very long period of time and if the parole board found that he was suitable for release. [¶]  So under the new [section] 1385[, subdivision] (c), I am going to strike that second enhancement of [section] 12022.53 . . . .' "  (*People v. Young*, *supra*, C096971.)

The trial court sentenced Young to seven years to life for the attempted murder conviction plus 25 years to life for the remaining firearm enhancement under section 12022.53, subdivision (d).  The court also imposed the upper term of three years for the attempted robbery and eight months (one-third the middle term) for the unlawful possession of a firearm.  The court stayed punishment pursuant to section 654 for Young's conviction for assault with a semiautomatic weapon.  The total sentence was an indeterminate term of 32 years to life plus a determinate term of three years eight months.

On appeal, Young asserted that his trial counsel rendered ineffective assistance by failing to seek dismissal of the remaining section 12022.53, subdivision (d) firearm enhancement under section 1385, subdivision (c)(2)(C), which applies when an enhancement could result in a sentence of more than 20 years.  (*People v. Young*, *supra*, C096971.)  This court agreed that counsel performed ineffectively and remanded the matter for resentencing.

3

## II.

On remand, Young petitioned the trial court to recall his sentence and, pursuant to section 1385, dismiss the section 12022.53, subdivision (d) firearm enhancement imposed on his attempted murder conviction. Young relied on this court's decision in his prior appeal to support his petition.

As it did at the original sentencing, the trial court struck the section 12022.53, subdivision (d) firearm enhancement attached to Young's attempted robbery conviction "as well as all the other lesser enhancements based on section 1385[, subdivision] (c), which says I shall afford great weight to dismissing an enhancement under [section 1385, subdivision (c)(2)(B)], if there's multiple enhancements alleged." The court then turned to the section 12022.53, subdivision (d) firearm enhancement attached to the attempted murder count. The court stated that there "was no case law" discussing whether section 1385, subdivision (c)(2)(C), which applies when an enhancement would result in a sentence of more than 20 years, applies when a defendant has received an indeterminate term. The court then "specifically" found that, if section 1385, subdivision (c)(2)(C) did apply, "it would not be in the interest of justice to strike" the enhancement as to the attempted murder conviction. The court said, "this is a really troubling, heinous act that you did, Mr. Young. I don't know how someone so young causes so much harm and damage."

Based on this conclusion and after striking all enhancements except for the section 12022.53, subdivision (d) enhancement appended to Young's conviction for attempted murder, the trial court resentenced Young to the same term as it had originally: an indeterminate term of 32 years to life plus a determinate term of three years eight months. That sentence consisted of seven years to life for attempted murder plus a consecutive 25 years to life for the firearm enhancement under section 12022.53, subdivision (d); the upper term of three years for the attempted robbery; and eight months

4

(one-third the middle term) for the unlawful possession of a firearm.  The court stayed punishment pursuant to section 654 for the assault with a semiautomatic weapon.

Young filed a timely notice of appeal.

DISCUSSION

Young contends that the trial court failed to give "great weight" to the statutory mitigating factor found in section 1385, subdivision (c)(2)(C) when the court resentenced him on remand and declined to dismiss the section 12022.53, subdivision (d) firearm enhancement attached to his attempted murder conviction.  He argues that the mitigating circumstance in section 1385, subdivision (c)(2)(C) applies even though he was sentenced to an indeterminate term without the firearm enhancement and that the trial court misunderstood its discretion by declining to strike that enhancement.  We need not address the former contention because we conclude that, even assuming the mitigating circumstance applies, the record does not disclose that the trial court misunderstood its discretion.

In *People v. Walker* (2024) 16 Cal.5th 1024, our Supreme Court explained:  "[I]f the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' "  (*Id.* at p. 1029.)  We review a trial court's decision whether to strike an enhancement under section 1385 for abuse of discretion.  (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)  " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' "  (*People v. Carmony* (2004) 33 Cal.4th 367, 376-

5

377.)  "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary."  (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)  But " 'an abuse of discretion arises if the trial court based its decision on impermissible factors . . . or on an incorrect legal standard.' "  (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.)

We see no demonstration on the present record that the trial court misunderstood its discretion.  At resentencing, the court specifically cited the requirement under section 1385, subdivision (c) to give "great weight" to applicable mitigating circumstances and ultimately concluded that it would not be in the interest of justice to dismiss the second firearm enhancement, emphasizing the aggravated nature of the offense.  This reasoning does not suggest that the court misunderstood its obligations under the statute.  Young maintains that the court's decision is ambiguous as to whether it gave the requisite weight to the mitigating circumstance.  We do not perceive such ambiguity, but even if we did, we do not presume error from an ambiguous record.  (See *People v. Myers*, *supra*, 69 Cal.App.4th at p. 310.)

DISPOSITION

The judgment is affirmed.

/s/_____<br>FEINBERG, J.

We concur:


/s/_____
DUARTE, Acting P. J.


/s/_____
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6